UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 14 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Micah Blackfeather, )
)
    Plaintiff, )
)
v. ) Civil Action No. 14-1712 UNA
)
The People of the State of Colorado, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is confined at the Colorado Mental Health Institute in Pueblo, Colorado. *See Blackfeather v. Boulder County Jail*, No. 14-cv-01762-BNB, 2014 WL 3715077, at *1 (D. Colo. Jul. 25, 2014) (dismissing habeas petition). He sues the State of Colorado. *See* Compl. Caption. The Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] It is established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI.

1

(1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890). The Court discerns no such waiver in plaintiff's complaint.

To the extent that plaintiff views this Court as a "higher court" capable of reviewing decisions made by the U.S. District Court for the District of Colorado or the Colorado state courts, *see* Compl. at 1, he is mistaken. This Court has no greater authority than that conferred upon all of the federal district courts. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions of the district courts); *see also Blackfeather*, 2014 WL 3715077, at *3 ("If Mr. Blackfeather ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in [the appropriate] federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies."); 28 U.S.C. § 2241 (conferring concurrent jurisdiction over § 2254 actions in the district court where the petitioner is confined or where the sentencing court is located). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

DATE: October 8, 2014